■ HANNAH GELLER, Respondent, v AZA TAXI, LTD., et al., Appellants. (And a Third-Party Action.) [723 NYS2d 356] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about August 30, 2000, which, to the extent appealed from, denied, without explanation, that branch of defendants' motion for summary judgment seeking dismissal of plaintiff's claim for conscious pain and suffering, unanimously affirmed, without costs. Order, same court and Justice, entered on or about August 30, 2000, which, to the extent appealed from, denied defendants' motion to vacate that part of the court's prior order which precluded Damian Ramos from testifying at trial, unanimously reversed, on the law and the facts, without costs, and the motion granted insofar as to permit Ramos to testify.

The decedent was driving a three-wheeled scooter while performing his duties as a traffic officer when he collided, at the intersection of 82nd Street and Amsterdam Avenue, with a taxicab driven by defendant Ramos. The decedent suffered

massive injuries and expired approximately 50 minutes after the accident. Summary judgment dismissing plaintiff's claim for conscious pain and suffering was not warranted since the recorded statements of eyewitnesses and hospital personnel raise triable issues as to whether the deceased did, in fact, suffer conscious pain and suffering (*see, Cadieux v D.B. Interiors,* 214 AD2d 323).

Although the motion court properly vacated its prior order striking defendants' answer on the basis that their default was due to excusable law office failure (*see,* CPLR 2005), the court erroneously denied that part of defendants' motion requesting that Ramos be allowed to offer testimony at trial. The failure of Ramos to appear at court-ordered examinations before trial was not attributable to any fault on his part and his testimony is material and necessary to the instant action. Concur—Sullivan, P. J., Andrias, Ellerin, Rubin and Buckley, JJ.